UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COOPER L. PARTNER, | ) | Case No. CV13-7063-R (DTB) |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER TO SHOW CAUSE |
| E. VALENZUELA, Warden, | ) ) | |
| Respondent. | ) ) | |

On September 24, 2013, petitioner filed a Petition for Writ of Habeas Corpus ("Pet.") pursuant to 28 U.S.C. § 2254 along with supporting exhibits ("Pet. Exh."). The Petition purports to be directed to a 2005 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. Exh. 2.) Petitioner purports to be raising five grounds for relief. (See Pet. at 3-9.)

Based on its review of the Petition, as well as information derived from the docket of the United States District Court, Central District of California, it appears to the Court that the Petition herein constitutes a second or successive petition under 28 U.S.C. § 2244(d), as petitioner previously sought habeas relief from the same 2005 Los Angeles County Superior Court judgment of conviction in a petition filed in this Court, Case No. CV11-3972-R (MLG) ("Prior Action"). On June 7, 2011, Judgment was entered in the Prior Action dismissing that petition with prejudice on the basis

that it was untimely.[1] Petitioner filed a notice of appeal from that Judgment on June 22, 2011, and the appeal was dismissed on August 27, 2012.

Thus, it appears that the Petition now pending constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Specifically, under the AEDPA, 28 U.S.C. § 2244(b) reads, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this

---

[1] As the Court in the Prior Action found that the petition was untimely under 28 U.S.C. § 2244(d), based on the same underlying judgment of conviction, it would appear that the instant Petition would also be subject to dismissal on the same grounds.

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Here, it appears that the instant Petition constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b), as it challenges the same conviction as petitioner's habeas petition in the Prior Action. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). As such, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Accordingly, on or before **November 18, 2013**, petitioner is ORDERED to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground that petitioner failed to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.

DATED: October 18, 2013

/s/ David T. Bristow

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

3